CANADY, J.,
dissenting.
“[T]he acknowledged conflict,” majority op. at 924, on which the majority bases the exercise of express-and-direct-conflict jurisdiction concerns a question—whether the dissolution or modification of a temporary injunction requires a showing of changed circumstances—that was not presented to the Fifth District for decision and which the district court therefore necessarily did not decide. The district court’s opinion makes this unmistakably clear: “In its initial brief, Planned Parenthood does not challenge the denial of its motion to dissolve or modify the injunction, much less argue that it established changed circumstances.” Planned Parenthood of Greater Orlando v. MMB Properties, 171 So.3d 125, 128 (Fla. 5th DCA 2015). The opinion repeats the point: “None of *930 Planned Parenthood’s appellate arguments ... relate to” the order that “denied the motion to dissolve or modify the injunction.” Id. at 127 n.1.
The court makes a passing reference to the existing conflict of the Fifth District’s case law with other districts concerning whether changed circumstances must be shown to justify modifying or dissolving a temporary injunction. Id at 128 & n.3. But that passing reference to a conflict on an issue that was neither presented for review nor decided by the district court is not a proper basis for the exercise of conflict jurisdiction. What the district court said on this issue had no bearing on the resolution of the case and thus does not constitute a holding. Such dicta cannot properly serve as the basis for concluding that the decision is in express and direct conflict with another decision.
I therefore dissent. The case should be discharged.
POLSTON, J., concurs.